**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER,<br>STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>September 24, 2026 11:38 AM<br>FILING ID: 55CFB53550D95<br>CASE NUMBER: 2026CV33456 |
| Plaintiff:<br>Helen Jaramillo<br><br>v.<br><br>Defendants:<br>Dillon Companies, LLC d/b/a King Soopers, Inc. | **▲COURT USE ONLY▲** |
| Attorney for Plaintiff:<br>Brogan Wallin, #59455<br>Amy E. Gaiennie # 24561<br>The Gaiennie Law Office<br>3801 E. Florida Avenue, Suite 100<br>Denver, CO 80210<br>Phone: (303) 455-5030<br>Fax: (303) 455-0805<br>Email: brogan@amyglaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff Helen Jaramillo, by and through counsel, The Gaiennie Law Office, LLC, and for her Complaint against Dillon Companies, LLC d/b/a King Soopers, Inc. states and alleges as follows:

**GENERAL ALLEGATIONS**

1. At all times relevant hereto, Plaintiff Helen Jaramillo (hereinafter "Plaintiff") is a resident of the State of Colorado.

2. Upon information and belief, at all times relevant hereto, Dillon Companies, LLC d/b/a King Soopers, Inc (hereinafter "Defendant ") owned the property where this incident took place. Defendant is a foreign corporation with headquarters in the United States in good standing; they

have a principal office street address of 1014 Vine Street, Cincinnati, Ohio 45202. The Registered agent is as follows: Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

3. The location where the incident took place is located at 2727 West Evans Ave., Denver, Colorado 80219.

4. The torts complained of herein occurred in Denver County, Colorado.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c), as this claim arises from an incident which occurred in Denver County, State of Colorado.

6. This claim arises from an incident which occurred on August 20, 2025.

7. Plaintiff stopped at King Soopers to shop.

8. Plaintiff entered aisle 16 to retrieve an item.

9. Plaintiff slipped on what appeared to be a puddle of water and fell.

10. When Plaintiff slipped and fell, she hit her head and body on the floor causing injuries to her head and body.

11. There was no wet floor signs present in the area where Plaintiff fell.

12. Defendant was negligent.

13. Plaintiff was not negligent.

14. Plaintiff was injured as a result of the incident.

15. Plaintiff received medical treatment as a result of the incident.

16. As a direct and approximate result of the defendant Defendant's negligence and carelessness, plaintiff Helen Jaramillo sustained injuries, damages, and losses including but not limited to the following:

a. General, neurological, and musculoskeletal injuries:

b. Permanent physical impairment;

c. Past, present, and future pain and suffering;

d. Past, present, and future medical, hospital, pharmaceutical, rehabilitation, and related expenses;

e. Past, present, and future emotional distress;

f. Past, present, and future impairment of the enjoyment and quality of a full and complete life; and

g. Any other and further injuries as described in the medical records, by experts, or not specifically known at this time.

17. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has incurred, and will continue to incur, economic and non-economic damages and other costs and expenses in an amount to be determined at trial, all to her financial detriment.

18. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has sustained permanent injury and disfigurement in an amount to be determined at trial.

## FIRST CLAIM FOR RELIEF
## PREMISES LIABILITY

19. Plaintiff hereby incorporates by reference all prior allegations, paragraphs 1-17, as fully set forth herein.

20. As the owner of the property and the entity legally responsible for the condition of the real property or circumstances existing on the real property, Defendant is, and at all relevant times, a "landowner" as defined in the Premises Liability Statute ("PLA"), C.R.S. § 13-21-115.

21. Plaintiff was/is an "invitee" of Defendant at the time of the August 20, 2025, incident, as defined by the PLA.

22. As a landowner responsible for the conditions existing on the property, Defendant had a duty of reasonable care under the PLA to protect invitees against dangerous conditions created by improperly maintained walking surfaces of which they knew or should have known.

23. Defendant breached its duty of reasonable care under the PLA proximately causing Plaintiff's injuries, damages, and losses; non-economic damages for inconvenience, pain and suffering and loss of independence; physical impairment and disfigurement; and economic losses for medical and other health care, loss of essential services, wage loss, and other expenses.

**SECOND CLAIM FOR RELIEF**
**IN THE ALTERNATIVE – NEGLIGENCE**

24. Plaintiff hereby incorporates by reference all prior allegations, paragraphs 1-17, as fully set forth herein.

25. If Defendant claims not to be a landowner as defined by the PLA, then Plaintiff brings this claim for Negligence.

26. Defendant had a duty to inspect and maintain its property to keep it free from dangerous conditions.

27. Upon information and belief, Defendant breached its duty to inspect and maintain when they failed to keep the floor dry and free from wet substances - a dangerous condition.

28. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered injuries from this incident.

29. Plaintiff was injured from this incident.

30. Defendant breached its duty of reasonable care causing Plaintiff's injuries, damages, and losses; non-economic damages for inconvenience, pain and suffering and loss of independence; physical impairment and disfigurement; and economic losses for medical and other health care, loss of essential services, and other expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order of Judgement in favor of Plaintiff and against Defendant in an amount to be determined at trial, plus interest allowed y Colorado law, for costs, expert witness fees, and other items allowed by statute or rule, and for such other and further relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PEOPLE.**

Dated this 24th Day of September, 2026

Respectfully Submitted,

THE GAIENNIE LAW OFFICE, LLC

/s/ *Brogan Wallin*

Brogan Wallin #59455
ATTORNEY FOR PLAINTIFF